IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VONALEE MURRAY,                )
                               )
            Plaintiff,         )
                               )
     vs.                       )     Civil Action No. 10-68-E
                               )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
            Defendant.         )

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the record lacks substantial evidence to support the determination of the Administrative Law Judge ("ALJ") that she was capable of performing "light work." Plaintiff contends that the ALJ erred in rejecting the opinion of Dr. Valerie S. Gilreath, the Agency's consultative examiner, who found that Plaintiff was unable to stand and/or walk more than one hour and unable to sit more than six hours in an eight-hour day. Plaintiff further asserts that the ALJ erred in rendering his credibility determination and that he completely failed to "acknowledge the existence of the diagnosis of Undifferentiated Spondyloarthropathy" which reasonably could have caused her complaints of pain. Plaintiff's Brief in Support of Summary Judgment (Doc. No. 8) at 16. The Court disagrees on all counts.

The ALJ's residual functional capacity ("RFC") determination that Plaintiff is capable of performing light work is supported by substantial evidence. First, in fashioning Plaintiff's RFC, the ALJ considered the combined effects of her impairments, those he deemed to be severe and non-severe, and determined that the record lacked objective medical evidence to support a finding that Plaintiff was restricted in her ability to sit, stand, or walk. (R. 19-20). In finding that Plaintiff was capable of light exertion, the ALJ rejected the medical reviewer's assessment at the initial determination phase that Plaintiff was capable of medium exertion. (R. 20). The Court notes that the ALJ gave Plaintiff the benefit of the doubt when he determined she was capable of only light work.

Second, although Dr. Gilreath found Plaintiff to be restricted in her ability to sit, stand, and walk, the ALJ explained that he did not credit Dr. Gilreath's opinion because the physical findings in the record did not support such an assessment. (R. 20). He noted that Dr. Gilreath's opinion was contradicted by her own examination which yielded normal physical findings. (R. 20). Specifically, Dr. Gilreath found that Plaintiff "was free of any other respiratory problems," that her "spinal examination was documented as normal," and that she "was free of joint deformities with good vascular pulses and full range of motion of her upper and lower extremities." (Id.). The ALJ concluded that "Dr. Gilreath reached a very limited residual functional capacity based largely on the [Plaintiff]'s allegations of pain." (Id.). The ALJ chose not to afford weight to her opinion because "medical evidence supporting the degree of the impairment alleged" was lacking. (Id.). Thus, the ALJ was entitled to reject Dr. Gilreath's opinion because he found it to be inconsistent with the objective medical evidence in the record.

Moreover, the ALJ provided a detailed rationale for why he did not find Plaintiff's allegations of pain to be as severe as she alleged. He explained that "the evidence . . . fail[ed] to support the need for [Plaintiff] to be as limited as alleged" because she was still able to drive, care for her personal needs, care for her son and father, do housework, shop, carry groceries, attend two support groups, and watch television. (R. 20). He noted that despite Plaintiff's belief

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

                                            s/Alan N. Bloch
                                            United States District Judge

ecf:       Counsel of record

---

that she is severely limited, the medical evidence revealed "that the findings on examination are generally benign or entirely normal." (R. 19). He concluded that although her doctors have "raised the possibility of different impairments," the majority of "these impairments have been ruled out, are manifested only as transient episodes, or are readily managed with treatment." (R. 19-20). Thus, the ALJ's credibility determination was proper and based on the objective medical evidence in the record.

    Plaintiff's final argument with respect to the ALJ's alleged failure to acknowledge her "undifferentiated spondyloarthropathy" diagnosis is wholly without merit. The ALJ explicitly discussed it at step two of the sequential analysis and determined that it had no more than a minimal effect on her ability to work, and therefore was not a severe impairment. (R. 17). Thus, the Court finds that the ALJ's RFC assessment and non-disability determination is supported by substantial evidence.